NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JAN 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL SCHRUPP,<br><br>                     Plaintiff-Appellant,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>                     Defendant-Appellee. | No.   18-15893<br><br>D.C. No.<br>2:16-cv-00636-WBS-KJN<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted January 7, 2020**
San Francisco, California

Before: WALLACE and FRIEDLAND, Circuit Judges, and HILLMAN,*** District
Judge.

Plaintiff-Appellant Paul Schrupp ("Mr. Schrupp") appeals from the district

court's grant of summary judgment in favor of Defendant-Appellee Wells Fargo

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Timothy Hillman, United States District Judge for the
District of Massachusetts, sitting by designation.

Bank, N.A. ("Wells Fargo") on his breach of contract and related claims, the admission of Meredith Deal's Declaration (the "Deal Declaration") on summary judgment, and the denial of his motion for leave to amend his complaint. We affirm.

Mr. Schrupp argues that the district court erred in entering summary judgment against him because, contrary to the court's findings otherwise, he made the three timely trial period payments required by the terms of the parties' Trial Period Plan (the "Agreement").[1] He suggests that his May 26, June 28, and July 27, 2011, payments to the bankruptcy trustee were timely trial period payments. But under the Agreement, *Wells Fargo*—not the bankruptcy trustee—had to receive the trial period payments in a timely manner, and Wells Fargo indisputably did not receive these payments within the required time frames.

Mr. Schrupp alternatively argues that the payments Wells Fargo received on May 11 and July 12, 2011, were timely trial period payments. Mr. Schrupp, however, made the May 11, 2011, payment on April 29, 2011, well before Wells Fargo offered to modify his loan. Given the timing, we agree with the district court that Wells Fargo appropriately applied the May 11 payment to Mr. Schrupp's obligations under his Chapter 13 bankruptcy plan rather than treating it as a trial

---

[1] We reject Mr. Schrupp's contention that it was impossible to make timely trial period payments given the procedures for securing the bankruptcy court's approval of any loan modification. Mr. Schrupp could have continued making full payments while pursuing the bankruptcy court's approval for a loan modification, and those payments necessarily would have covered the lower trial period payment amounts.

period payment. Because Mr. Schrupp failed to comply with the express terms of the Agreement, he was not entitled to a loan modification. Accordingly, the district court properly concluded that Mr. Schrupp failed to establish a breach of contract claim. Because Mr. Schrupp's remaining claims depended on Wells Fargo's alleged breach, Wells Fargo was likewise entitled to summary judgment on those claims.

Next, Mr. Schrupp contends that the district court erred in admitting the Deal Declaration. But even if the district court erred in its evidentiary ruling, any error was harmless. Every piece of information in the Deal Declaration to which Mr. Schrupp objects was disclosed in evidence submitted by Mr. Schrupp himself at the summary judgment stage.

Finally, Mr. Schrupp argues that the district court abused its discretion in denying his motion for leave to amend his complaint. We disagree. Mr. Schrupp moved to amend his complaint after discovery had closed, and the district court properly reasoned that any amendment would require reopening discovery. *See Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (holding that a district court does not abuse its discretion in denying a motion to amend when "[a]llowing the motion would . . . require[] re-opening discovery").

**AFFIRMED.**